

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2008

# USA v. Austin

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2355

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Austin" (2008). *2008 Decisions.* Paper 1134.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1134

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2355

UNITED STATES OF AMERICA

v.

RANDALL AUSTIN,
                                                Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 03-cr-00682)
District Judge: The Honorable Petrese B. Tucker

Submitted Under Third Circuit LAR 34.1(a)
May 6, 2008

Before: SCIRICA, Chief Judge, BARRY and HARDIMAN, Circuit Judges

(Opinion Filed: May 28, 2008)

OPINION

BARRY, Circuit Judge

Appellant Randall Austin appeals the District Court's imposition of a 240-month

term of imprisonment following his conviction for possession of a firearm by a convicted

felon in violation of 18 U.S.C. § 922(g)(1). The District Court imposed the sentence after

finding that the government had proven by a preponderance of the evidence that the criteria for application of the Armed Career Criminal ("ACC") enhancement of 18 U.S.C. § 924(e) to Austin had been satisfied. Had the District Court not applied the ACC enhancement, Austin would have faced a statutory maximum sentence of 120 months in prison.

Austin raises a single issue on appeal, namely whether the government's failure to charge all of the ACC predicate offenses in the indictment and to prove them to a jury beyond a reasonable doubt violated his Fifth and Sixth Amendment rights. This argument is clearly foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Vargas*, 477 F.3d 94, 105 (3d Cir. 2007) (declaring that *Almendarez-Torres* "continues to bind our decisions"); *United States v. Coleman*, 451 F.3d 154, 161 (3d Cir. 2006) (stating that "*Almendarez-Torres* remains good law"); *United States v. Ordaz*, 398 F.3d 236, 241 (3d Cir. 2005) (noting that "[t]he holding in *Almendarez-Torres* remains binding law"). We will affirm.

_____